Feldman v Feldman (2020 NY Slip Op 03645)





Feldman v Feldman


2020 NY Slip Op 03645


Decided on July 1, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2016-06674
2016-06675
2017-07199
 (Index No. 33404/02)

[*1]Peri W. Feldman, appellant, 
v
Meier Feldman, respondent.


Hudi Horowitz, named herein as Peri W. Feldman, Bet Shemesh, Israel, appellant pro se.
Elliott S. Martin, Brooklyn, NY (Kathryn A. Palillo of counsel), for respondent.
In a matrimonial action, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Eric I. Prus, J.), dated February 17, 2016, (2) an amended judgment of divorce of the same court dated May 9, 2016, and (3) an order of the same court dated May 5, 2017. The order dated February 17, 2016, in effect, granted those branches of the defendant's motion which were to modify the child support and maintenance provisions of the parties' judgment of divorce. The amended judgment of divorce, insofar as appealed from, upon the order dated February 17, 2016, awarded the defendant a downward modification of his child support obligation and vacated his maintenance obligation. The order dated May 5, 2017, granted the defendant's motion to declare the parties' child emancipated, to declare that so long as the child remained emancipated, the defendant was not required to pay child support, and to modify the amended judgment of divorce to state that no child support was past due or presently due to the plaintiff.



DECISION & ORDER
Motion by the defendant, in effect, to dismiss the appeals from the order dated February 17, 2016, and the amended judgment of divorce on the ground that the order dated February 17, 2016, and the amended judgment of divorce were entered upon the default of the appealing party. By decision and order on motion of this Court dated November 29, 2016, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof. Separate motion by the defendant, inter alia, to dismiss the appeal from the order dated May 5, 2017, as abandoned. By decision and order on motion of this Court dated May 22, 2018, the branch of the separate motion which is to dismiss the appeal from the order dated May 5, 2017, was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motions and the papers filed in opposition thereto, and upon the submission of the appeals, it is
ORDERED that the motion, in effect, to dismiss the appeals from the order dated February 17, 2016, and the amended judgment of divorce is granted; and it is further,
ORDERED that the branch of the separate motion which is to dismiss the appeal from the order dated May 5, 2017, is denied; and it is further,
ORDERED that the appeals from the order dated February 17, 2016, and the amended judgment of divorce are dismissed, without costs or disbursements; and it is further,
ORDERED that the order dated May 5, 2017, is affirmed, without costs or disbursements.
In the parties' judgment of divorce, the defendant was directed to pay the plaintiff child support and maintenance. The defendant later moved, inter alia, to modify the child support and maintenance provisions of the judgment of divorce. On October 28, 2015, the Supreme Court was scheduled to hear argument and consider whether to a hold a hearing on the defendant's motion. When the plaintiff failed to appear on that date, the court stated that it would modify the defendant's child support obligation and vacate his maintenance obligation. In an order dated February 17, 2016, the court, in effect, granted those branches of the defendant's motion which were to modify the child support and maintenance provisions of the judgment of divorce. In an amended judgment of divorce, upon the order, the court awarded the defendant a downward modification of his child support obligation and vacated his maintenance obligation.
The defendant subsequently moved to declare the parties' child emancipated based on the child's marriage, to declare that so long as the child remained emancipated, the defendant was not required to pay child support, and to modify the amended judgment of divorce to state that no child support was past due or presently due to the plaintiff. In an order dated May 5, 2017, the Supreme Court granted the defendant's motion. The plaintiff appeals from the amended judgment of divorce and the orders dated February 17, 2016, and May 5, 2017.
"No appeal lies from an order [or judgment] made upon the default of the appealing party" (Matter of Saporito v Ward, 160 AD3d 651, 651 [internal quotation marks omitted]; see CPLR 5511). The proper procedure is for the defaulting party to seek to vacate its default and, if necessary, appeal the denial of that request (see Matter of Saporito v Ward, 160 AD3d at 651). Contrary to the plaintiff's contention, her failure to appear on October 28, 2015, constituted a default. The plaintiff did not seek to vacate her default, and the default precludes consideration of the issues that she seeks to raise concerning the order dated February 17, 2016, and the amended judgment of divorce (see CVM Partners 1, LLC v Adams, 173 AD3d 971). Accordingly, the plaintiff's appeals from the order dated February 17, 2016, and so much of the amended judgment of divorce as awarded the defendant a downward modification of his child support obligation and vacated his maintenance obligation, entered upon her default, must be dismissed (see CPLR 5511; Matter of Saporito v Ward, 160 AD3d at 651).
The plaintiff's only argument raised with respect to the order dated May 5, 2017, i.e., that the Supreme Court was biased against her, is not properly before this Court and, in any event, without merit (see Matter of Baby Girl Z. [Yaroslava Z.], 140 AD3d 893, 894).
DILLON, J.P., DUFFY, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court