Matter of Jones v Spain (2020 NY Slip Op 07063)





Matter of Jones v Spain


2020 NY Slip Op 07063


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2018-11809
 (Docket No. V-19624-15)

[*1]In the Matter of Shenese Jones, respondent,
v
Russell Spain, appellant.


Russell Spain, Brooklyn, NY, appellant pro se.
Shenese Jones, Brooklyn, NY, respondent pro se.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Dean Kusakabe, J.), dated August 21, 2017. The order, upon the father's failure to appear at a hearing, inter alia, granted the mother's petition for sole legal and physical custody of the subject child.
ORDERED that the appeal is dismissed, without costs or disbursements.
The parties, who were not married, are the parents of the subject child. In June 2015, the father filed a petition for sole legal and physical custody of the child, and approximately one month later, the mother filed a petition for the same relief. A hearing on the petitions was scheduled for August 21, 2017, but the father failed to appear. The Family Court dismissed the father's petition, and proceeded to inquest on the mother's petition. In an order dated August 21, 2017, after the inquest, the court, inter alia, granted the mother's petition for sole legal and physical custody of the child. The father appeals.
"No appeal lies from an order made upon the default of the appealing party" (Matter of Saporito v Ward, 160 AD3d 651, 651 [internal quotation marks omitted]). "The proper procedure is for the defaulting party to seek to vacate [his or her] default and, if necessary, appeal the denial of that request" (Feldman v Feldman, 185 AD3d 552, 554). Here, the father's failure to appear at the scheduled hearing constituted a default, and thus, his appeal from the order entered upon his default must be dismissed (see CPLR 5511; Matter of Carino v Carino, 160 AD3d 727).
AUSTIN, J.P., MILLER, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court