Matter of Magana v Delph (2021 NY Slip Op 03589)





Matter of Magana v Delph


2021 NY Slip Op 03589


Decided on June 9, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2019-12259
 (Docket Nos. V-25163-16/17C/17D, V-25707-16/17C/17D)

[*1]In the Matter of Saphora Magana, appellant,
and
Dirk Delph, respondent-respondent, et al., respondent. (Proceeding No. 1)
In the Matter of Dirk Delph, respondent, v Saphora Magana, appellant. (Proceeding No. 2)


Mark Diamond, Yorkville Station, NY, for appellant.
Rebecca Fort, Brooklyn, NY, for respondent-respondent in Proceeding No. 1 and respondent in Proceeding No. 2.
Karen P. Simmons, Brooklyn, NY (Rachel J. Stanton and Janet Neustaetter of counsel), attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Ann E. O'Shea, J.), dated October 23, 2019. The order, after a hearing, granted the father's petition for sole legal and physical custody of the parties' child and denied the mother's petition for sole legal and physical custody of the child.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for
a reopened hearing to be conducted forthwith and a new determination of the petitions thereafter,
in accordance herewith; and it is further,
ORDERED that pending the new determination of the petitions, the provisions of the order dated October 23, 2019, shall remain in effect; and it is further,
ORDERED that, upon remittal, the Family Court, Kings County, shall forthwith make an order directing that neither parent shall disparage the other parent in the presence or within earshot of the child.
The parties are the parents of one child, born in 2013. In October 2016, the mother and the father each petitioned for sole legal and physical custody of the child. After a hearing spanning several days, the Family Court awarded the father sole legal and physical custody of the child, with parental access to the mother. The mother appeals.
In adjudicating custody and parental access rights, the paramount concern is the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167), which requires an evaluation of the [*2]"totality of [the] circumstances" (Friederwitzer v Friederwitzer, 55 NY2d 89, 95). Here, the Family Court, upon an evaluation of the totality of the circumstances, determined that it was in the best interests of the child for the father to be awarded sole legal and physical custody, and for the mother to have parental access on alternate weekends and alternating holidays, as well as any other agreed-upon parental access.
However, the attorney for the child, in the brief submitted to this Court on the child's behalf, has brought to this Court's attention certain alleged new developments including that shortly after the child began living with the father, the child reported that the father told her that the mother was evil, and the child stated that she no longer wanted to see the mother at all. "As the Court of Appeals has recognized, changed circumstances may have particular significance in child custody matters and may render the record on appeal insufficient to review whether a child custody determination is still in the best interests of the children" (Bruzzese v Bruzzese, 152 AD3d 563, 566-567; see Matter of Michael B., 80 NY2d 299, 318). In light of the alleged new developments brought to this Court's attention by the attorney for the child, the record is no longer sufficient to determine which arrangement is in the best interests of the child (see Bruzzese v Bruzzese, 152 AD3d at 566-567; Matter of Bosque v Blazejewski-D'Amato, 123 AD3d 704, 705).
Accordingly, we remit the matter to the Family Court, Kings County, for a reopened hearing at which the alleged new facts shall be considered, and a new custody determination thereafter. In so doing, we express no opinion as to the appropriate determination.
LASALLE, P.J., DILLON, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court