Matter of Sardella v Merkle (2021 NY Slip Op 05970)





Matter of Sardella v Merkle


2021 NY Slip Op 05970


Decided on November 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LEONARD B. AUSTIN
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2020-08640
 (Docket Nos. V-11318-18, V-11321-18)

[*1]In the Matter of David Sardella, petitioner-respondent,
v
James A. Merkle, appellant. (Proceeding No. 1.)
In the Matter of David Sardella, petitioner,
v
Brittany N. Sardella, respondent. (Proceeding No. 2.)


Abbe C. Shapiro, Mount Sinai, NY, for appellant.
Victoria L. Dow, Riverhead, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (Kerri N. Lechtrecker, Ct. Atty. Ref.), dated October 1, 2020. The order, upon the father's failure to appear at a hearing, inter alia, in effect, granted the maternal grandfather's petitions to modify a so-ordered stipulation of settlement dated August 13, 2018, and awarded the maternal grandparents sole legal and residential custody of the subject child, with supervised parental access to the father and the mother.
ORDERED that the appeal is dismissed, without costs or disbursements.
The parties to this appeal are the father and the maternal grandfather of the subject child. Pursuant to a so-ordered stipulation of settlement dated August 13, 2018, the maternal grandparents and the father shared joint legal custody of the child, with the grandparents having residential custody. In addition, the father was permitted parental access, and the mother was allowed supervised parental access, subject to certain conditions.
In November 2019, and again in January 2020, the father petitioned to modify the stipulation of settlement. In the first petition, the father, in effect, sought sole legal and residential custody of the child; in the second petition, he sought "emergency temporary custody." The maternal grandfather, in turn, filed separate petitions seeking sole legal and residential custody of the child, with supervised parental access for the father and the mother.
A hearing on the petitions was scheduled for October 1, 2020, but the father failed to appear. The Family Court dismissed the father's petitions, and proceeded to inquest on the maternal grandfather's petitions. In an order dated October 1, 2020, after the inquest, the court, inter alia, in effect, granted the maternal grandfather's petitions. The father appeals.
No appeal lies from an order made upon the default of the appealing party (see Matter of Jones v Spain, 188 AD3d 1209, 1209). The proper procedure is for the defaulting party to seek [*2]to vacate its default and, if necessary, appeal the denial of that request (see Feldman v Feldman, 185 AD3d 552, 554). Here, the father's failure to appear at the scheduled hearing constituted a default, and thus, his appeal from the order entered upon his default must be dismissed (see CPLR 5511; Matter of Saporito v Ward, 160 AD3d 651, 651).
LASALLE, P.J., AUSTIN, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court