Matter of Fitzsimmons v Fitzsimmons (2022 NY Slip Op 02411)

Matter of Fitzsimmons v Fitzsimmons

2022 NY Slip Op 02411

Decided on April 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
PAUL WOOTEN, JJ.

2019-07672
2019-07674
 (Docket Nos. O-18507-17, V-14103-16/17B/19C, V-14104-16/17B/19C)

[*1]In the Matter of Michael D. Fitzsimmons, appellant, 
v
Cheryl Fitzsimmons, respondent.

Del Atwell, East Hampton, NY, for appellant.
Arza Feldman, Manhasset, NY, for respondent.
Susan Selanikio Linder, West Islip, NY, attorney for the child J.F.
Laurette D. Mulry, Central Islip, NY (John B. Belmonte of counsel), attorney for the child M.F.
In a proceeding pursuant to Family Court Act article 6, the father appeals from two orders of the Family Court, Suffolk County (Caren Loguercio, J.), both dated June 10, 2019. The first order, insofar as appealed from, after a hearing, in effect, denied the father's petition to modify the parties' judgment of divorce so as to award him sole residential custody of the parties' children. The second order, after a hearing, appointed a parenting coordinator for a period of 12 months to assist the parties in resolving conflicts relating to custody and parental access. By decision and order on motion dated August 29, 2019, this Court, inter alia, stayed enforcement of so much of the first order as modified the judgment of divorce with respect to the parental access schedule for the parties' daughter and set forth a parental access schedule for the parties' daughter, and directed that the father would have sole residential custody of the parties' daughter in accordance with the terms of an order of the Family Court dated November 2, 2018, pending the hearing and determination of the subject appeals.
Motion by the mother, inter alia, to dismiss the appeals on the ground that they have been rendered academic. By decision and order on motion of this Court dated November 12, 2021, that branch of the motion which is to dismiss the appeals was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition

DECISION & ORDER
thereto, and upon the submission of the appeals, it is
ORDERED that that branch of the mother's motion which is to dismiss the appeals is denied; and it is further,
ORDERED that the first order dated June 10, 2019, is reversed insofar as appealed [*2]from, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for a reopened hearing on the issues of custody and parental access, and a new custody and parental access determination thereafter in accordance herewith; and it is further,
ORDERED that pending the new custody and parental access determination, the terms of the decision and order on motion of this Court dated August 29, 2019, with respect to custody and parental access shall remain in effect; and it is further,
ORDERED that the appeal from the second order dated June 10, 2019, is dismissed as academic, without costs or disbursements.
The appeal from the second order dated June 10, 2019, which appointed a parenting coordinator for a period of 12 months to assist the parties in resolving conflicts relating to custody and parenting time, must be dismissed as academic, since the period of appointment of the parenting coordinator has expired.
The parties were married in 1998 and have two children together. Pursuant to the parties' stipulation of settlement, which was incorporated but not merged into a judgment of divorce entered February 24, 2016, the parties were to share joint legal custody of the children, with sole residential custody to the mother and parental access to the father. In January 2017, the father filed a petition to modify the custody provisions of the judgment of divorce so as to award him sole residential custody of the children. In an order dated November 2, 2018, the Family Court awarded the father temporary residential custody of the children pending the hearing and determination of his petition. In an order dated June 10, 2019, made after a hearing, the court, inter alia, in effect, denied the father's petition to modify the parties' judgment of divorce so as to award him sole residential custody of the parties' children, and modified the parenting schedule so as to give each party parenting time with the children every other week. In a separate order, also dated June 10, 2019, the court appointed a parenting coordinator to assist the parties in resolving conflicts relating to custody and parental access. The father appeals.
"In adjudicating custody and parental access rights, the paramount concern is the best interests of the child, which requires an evaluation of the 'totality of [the] circumstances'" (Matter of Magana v Delph, 195 AD3d 720, 721 [citation omitted], quoting Friederwitzer v Friederwitzer, 55 NY2d 89, 95; see Eschbach v Eschbach, 56 NY2d 167, 171). Here, the Family Court determined that it was in the best interests of the children for the mother to have sole residential custody. However, the respective attorneys for the children, in their briefs submitted to this Court, have brought to this Court's attention certain alleged new developments since the order under review was issued in June 2019. As the Court of Appeals has recognized, changed circumstances may have particular significance in child custody matters and may render the record on appeal insufficient to review whether a child custody determination is still in the best interests of the children (see Matter of Michael B., 80 NY2d 299, 318). In light of the new developments brought to this Court's attention by the attorneys for the children, the record is no longer sufficient to review whether the Family Court's determination regarding custody is in the best interests of the children (see Matter of Magana v Delph, 195 AD3d at 721-722; Matter of Bosque v Blazejewski-D'Amato, 123 AD3d 704, 705).
Accordingly, we remit the matter to the Family Court, Suffolk County, for a reopened hearing, including in camera interviews with the children, at which the new developments shall be considered, and thereafter a new custody and parental access determination. In so doing, we express no opinion as to the appropriate determination.
CONNOLLY, J.P., RIVERA, MILLER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court