Matter of Torres v Cortes (2022 NY Slip Op 04174)

Matter of Torres v Cortes

2022 NY Slip Op 04174

Decided on June 29, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
BETSY BARROS
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.

2020-08974
 (Docket Nos. V-9904-15, V-19321-15)

[*1]In the Matter of Jose F. Torres, respondent,
v
Priscilla Cortes, appellant. (Proceeding No. 1)
In the Matter of Priscilla Cortes, appellant, v Jose F. Torres, respondent. (Proceeding No. 2)

Anna Stern, Brooklyn, NY, for appellant.
Angella S. Hull, Jamaica, NY, for respondent.
Helene Chowes, New York, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from a final order of custody and visitation of the Family Court, Kings County (Judith Waksberg, J.), dated November 17, 2020. The order, after a hearing, in effect, granted the father's petition for sole legal and residential custody of the parties' child, with parental access to the mother, and, in effect, denied the mother's petition for sole legal and residential custody of the child. The notice of appeal from an order dated November 16, 2020, is deemed to be a notice of appeal from the order dated November 17, 2020 (see CPLR 5512[a]).
ORDERED that the order dated November 17, 2020, is affirmed, without costs or disbursements.
The parties, who were never married, are the parents of one child, born in 2014. The Family Court, in an order dated November 17, 2020, made after a hearing held over a span of four years, inter alia, in effect, granted the father's petition for sole residential and legal custody of the child, with parental access to the mother. The mother appeals.
The paramount consideration in making a custody determination is the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171). "In determining an initial petition for child custody, the court must consider, among other things, (1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (Matter of Scott v Thompson, 166 AD3d 627, 628 [internal quotation marks omitted]). "Since custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded to the trial court's credibility findings, [*2]and such findings will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Dolan v Masterson, 121 AD3d 979, 980).
Here, the Family Court conducted a hearing at which it observed the demeanor and heard the testimony of, among others, the parties and a court-appointed forensic evaluator. The court found that the mother's testimony "completely lacked credibility," while the father's testimony "appeared straightforward and honest." Based upon our review of the record, the court's credibility findings and determination to award the father sole residential and legal custody of the child have a sound and substantial basis in the record and will not be disturbed (see Matter of Merchan v Hoyos, 199 AD3d 919, 920; Matter of McFarlane v Jones, 193 AD3d 936, 937; Matter of Shu Jiao Zhao v Wei Rong, 183 AD3d 895, 897).
The attorney for the child has failed to set forth facts sufficient to demonstrate that the matter should be remitted to the Family Court for a reopened hearing (cf. Matter of Michael B., 80 NY2d 299, 317-318; Matter of Magana v Delph, 195 AD3d 720, 721-722).
The remaining contentions of the mother and of the attorney for the child either are without merit or have been rendered academic.
DUFFY, J.P., BARROS, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court