Matter of Genao-Archibald v Archibald (2022 NY Slip Op 05166)

Matter of Genao-Archibald v Archibald

2022 NY Slip Op 05166

Decided on September 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2021-04250 
2021-04251
 (Docket Nos. V-2323-12, V-229-18, V-230-18, V-1708-19, V-1808-19)

[*1]In the Matter of Ramona Genao-Archibald, et al., petitioners-respondents, 
v
Mark C. Archibald II, respondent-respondent, Angelica Lee Flores, respondent-appellant (and other titles).

Warren S. Hecht, Forest Hills, NY, for respondent-appellant.
Kim M. Rayner, Pearl River, NY, for petitioners-respondents.
Veronica J. Young, New City, NY, attorney for the child. 
In related proceedings pursuant to Family Court Act article 6, the mother appeals from (1) an order of the Family Court, Rockland County (Keith J. Cornell, J.), dated April 22, 2021, and (2) an order of protection of the same court, also dated April 22, 2021. The order, insofar as appealed from, prohibited the mother from filing petitions for custody and/or visitation until October 22, 2021, and from filing petitions for visitation after October 22, 2021, without written leave of the court. The order of protection, insofar as appealed from, directed the mother to stay away from the subject child until April 22, 2022.

DECISION & ORDER
Motion by the grandparents, inter alia, to dismiss the appeals on the ground that they have been rendered academic. By decision and order on motion of this Court dated April 6, 2022, that branch of the motion which is to dismiss the appeals on the ground that they have been rendered academic was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is
ORDERED that the branch of the motion which is to dismiss the appeals on the ground that they have been rendered academic is granted to the extent that the appeal from so much of the order as prohibited the mother from filing petitions for custody and/or visitation until October 22, 2021, is dismissed as academic, without costs or disbursements, and that branch of the motion is otherwise denied; and it is further,
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as prohibited the mother from filing petitions for visitation after October 22, 2021, without written leave of the court is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see Family Court Act § 1112[a]); and it is further,
ORDERED that the order is reversed insofar as reviewed, on the law, without costs or disbursements; and it is further,
ORDERED that the appeal from the order of protection is dismissed, without costs or disbursements.
The appeal from so much of the order dated April 22, 2021, as prohibited the mother from filing petitions for custody and/or visitation until October 22, 2021, must be dismissed as academic, since that time period has expired (see Matter of Fitzsimmons v Fitzsimmons, 204 AD3d 792, 794; Matter of Palombelli v Guglielmo, 187 AD3d 1020, 1020).
The appeal from the order of protection dated April 22, 2021, must be dismissed since the order of protection was issued upon the mother's default, and no appeal lies from an order made on the default of the appealing party (see Matter of Rigali v Kogan, 204 AD3d 919, 920; Matter of Jones v Spain, 188 AD3d 1209, 1209).
The Family Court should not have prohibited the mother from filing petitions for visitation after October 22, 2021, without written leave of the court, since there is no basis in the record to demonstrate that the mother filed frivolous petitions or filed petitions out of ill will or spite (see Matter of Stones v VanDenberge, 167 AD3d 909, 910; Matter of Price v Jenkins, 99 AD3d 915, 915).
Accordingly, we reverse the order dated April 22, 2021, insofar as reviewed.
DUFFY, J.P., BRATHWAITE NELSON, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court