Matter of Frazier v Hamlett (2023 NY Slip Op 01998)

Matter of Frazier v Hamlett

2023 NY Slip Op 01998

Decided on April 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
JANICE A. TAYLOR, JJ.

2022-00534
 (Docket Nos. V-4524-17, V-4525-17)

[*1]In the Matter of Michael Frazier, respondent,
v
Jeannie Hamlett, appellant.

Jan Murphy, Huntington, NY, for appellant.
N. Scott Banks, Hempstead, NY (Tammy Feman and Mia Guthart of counsel), for respondent.
David Laniado, Cedarhurst, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Nassau County (Christopher Pizzolo, Ct. Atty. Ref.), dated January 11, 2022. The order, upon the mother's failure to appear on the adjourned date for a hearing, in effect, granted the father's petition to modify an order of the same court dated August 9, 2018, and awarded him parental access on alternate weekends from Friday at 6:00 p.m. through Sunday at 6:00 p.m.
ORDERED that the appeal is dismissed, without costs or disbursements.
On December 23, 2021, the adjourned date for a hearing on the father's petition to modify a prior order, the mother did not appear, and in order dated January 11, 2022, the Family Court, in effect, granted the father's petition upon the mother's default in appearing. The mother appeals.
"No appeal lies from an order made upon the default of the appealing party" (Matter of Saporito v Ward, 160 AD3d 651, 651 [internal quotation marks omitted]). "The proper procedure is for the defaulting party to seek to vacate [his or her] default and, if necessary, appeal the denial of that request" (Feldman v Feldman, 185 AD3d 552, 554). Here, the mother's failure to appear on December 23, 2021, constituted a default, and thus, her appeal from the order entered upon her default must be dismissed (see CPLR 5511; Matter of Carino v Carino, 160 AD3d 727).
CONNOLLY, J.P., MALTESE, ZAYAS and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court