Haddad v Sassoon (2025 NY Slip Op 01911)

Haddad v Sassoon

2025 NY Slip Op 01911

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2021-05073
 (Index No. 2360/18)

[*1]Fabrice Haddad, appellant,
v
Sophie Gemel Sassoon, respondent.

Joan Iacono, Scarsdale, NY, for appellant.
Maria J. Frank, Yorktown Heights, NY, for respondent.
Michelle Bermel, Chappaqua, NY, attorney for the child E. H.
Christina T. Hall, Harrison, NY, attorney for the child D. H.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment dated May 19, 2020, the plaintiff appeals from an order of the Supreme Court, Westchester County (Helen M. Blackwood, J.), dated June 16, 2021. The order, insofar as appealed from, after a hearing, granted that branch of the defendant's motion which was, in effect, to modify the custody provisions of the judgment of divorce so as to award her sole legal and physical custody of the parties' youngest child, with parental access to the plaintiff.
ORDERED that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a reopened hearing to be conducted forthwith and thereafter a new determination on the issues of custody and parental access with respect to the parties' youngest child in accordance herewith; and it is further,
ORDERED that pending the reopened hearing and new determination on the issues of custody and parental access of the parties' youngest child or further order of the Supreme Court, Westchester County, the parties shall have joint physical custody of the youngest child pursuant to an order of the Supreme Court, Westchester County, dated November 30, 2021.
The parties, who are the parents of three children, were divorced by a judgment dated May 19, 2020. Pursuant to the judgment of divorce, the parties shared joint legal custody, joint decision-making authority, and equal access time with respect to the children. In June 2020, the defendant moved, in effect, to modify the custody provisions of the judgment of divorce so as to award her sole legal and physical custody of the children. In an order dated June 16, 2021, the Supreme Court, after a hearing, inter alia, granted that branch of the defendant's motion which was in effect, to modify the custody provisions of the judgment of divorce so as to award her sole legal and physical custody of the parties' youngest child, with parental access to the plaintiff. The plaintiff appeals from that portion of the order.
"In adjudicating custody and parental access rights, the paramount concern is the best interests of the child, which requires an evaluation of the 'totality of [the] circumstances'" (Matter of Magana v Delph, 195 AD3d 720, 721 [citation omitted], quoting Friederwitzer v Friederwitzer, 55 NY2d 89, 95; see Eschbach v Eschbach, 56 NY2d 167, 171). "As the Court of Appeals has recognized, changed circumstances may have particular significance in child custody matters and may render a record on appeal insufficient to review whether [a child custody] determination is still in the best interests of the child" (Matter of Baker v James, 210 AD3d 676, 677; see Matter of Michael B., 80 NY2d 299, 318). In light of the new developments since the Supreme Court's determination in June 2021 brought to this Court's attention by the attorney for the youngest child, the record is no longer sufficient to review whether the Supreme Court's determination regarding custody and parental access is still in the youngest child's best interests (see Matter of Fitzsimmons v Fitzsimmons, 204 AD3d 792, 794-795; Matter of Magana v Delph, 195 AD3d at 722).
Accordingly, under the circumstances, we remit the matter to the Supreme Court, Westchester County, for a reopened hearing, at which the new developments shall be considered, and thereafter a new custody and parental access determination as to the youngest child. In doing so, we express no opinion as to the appropriate determination (see Matter of Baker v James, 210 AD3d at 678; Matter of Baptiste v Gregoire, 140 AD3d 746, 748).
In light of the foregoing, the plaintiff's remaining contentions need not be reached.
BRATHWAITE NELSON, J.P., CHRISTOPHER, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court