Matter of Myers v Denning (2025 NY Slip Op 04650)

Matter of Myers v Denning

2025 NY Slip Op 04650

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
LILLIAN WAN
PHILLIP HOM, JJ.

2023-11603
 (Docket No. V-5740-14/23E)

[*1]In the Matter of Frederick A. Myers, respondent, 
v
Tabitha A. Denning, appellant.

Yasmin Daley Duncan, Brooklyn, NY, for appellant.
Salvatore C. Adamo, New York, NY, for respondent.
Donna M. Genovese, White Plains, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Dutchess County (Denise M. Watson, J.), dated October 27, 2023. The order, after a hearing, granted the father's petition to modify an order of the same court dated December 20, 2017, so as to award him primary residential custody of the parties' child, directed that the mother have parental access with the parties' child as agreed to by the parties and taking into consideration the wishes of the child, and restricted the mother's partner from being present during the mother's parental access with the parties' child.
ORDERED that the order dated October 27, 2023, is reversed, on the facts and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Dutchess County, for further proceedings not inconsistent herewith.
The parties are the parents of one child, who was born in 2010. In an order dated December 20, 2017 (hereinafter the December 2017 order), made on consent of the parties, the Family Court, inter alia, awarded the mother and the father joint legal and residential custody of the child, with the child alternating every week between the parties' respective residences.
In March 2023, the father filed a petition to modify the December 2017 order so as to award him primary residential custody of the child, with parental access to the mother on the condition, among other things, that the mother's partner not be present during the mother's parental access with the child. In an order dated October 27, 2023, after a hearing, the Family Court granted the father's petition to modify the December 2017 order, so as to award him primary residential custody of the child, directed that the mother have parental access with the child as agreed to by the parties and taking into consideration the wishes of the child, and restricted the mother's partner from being present during the mother's parental access with the child. The mother appeals.
"In adjudicating custody and parental access rights, the paramount concern is the best interests of the child, which requires an evaluation of the 'totality of [the] circumstances'" (Matter of Magana v Delph, 195 AD3d 720, 721 [citation omitted], quoting Friederwitzer v Friederwitzer, 55 NY2d 89, 95; see Eschbach v Eschbach, 56 NY2d 167, 171). Here, new developments since the [*2]issuance of the order dated October 27, 2023, have been brought to this Court's attention, including, inter alia, that the child has expressed that the restriction that the mother's partner not be present during the mother's parental access with the child has impacted the child's ability to spend time with the mother and the child's younger siblings. As the Court of Appeals recognized, changed circumstances may have particular significance in child custody matters and may render the record on appeal insufficient to review whether a child custody determination is still in the best interests of the child (see Matter of Michael B., 80 NY2d 299, 318; Matter of Martynchuk v Vasylkovska, 223 AD3d 819, 820). In light of the alleged new developments brought to this Court's attention, the record is no longer sufficient to review whether the Family Court's determination regarding custody and parental access is in the best interests of the child (see Haddad v Sassoon, 237 AD3d 673; Matter of Magana v Delph, 195 AD3d at 721-722).
Accordingly, we reverse the order dated October 27, 2023, and remit the matter to the Family Court, Dutchess County, for further proceedings not inconsistent herewith. In so doing, we express no opinion as to the appropriate determination (see Matter of Baker v James, 210 AD3d 676, 678; Matter of Baptiste v Gregoire, 140 AD3d 746, 748).
MILLER, J.P., DOWLING, WAN and HOM, JJ., concur.

2023-11603 DECISION & ORDER ON MOTION
In the Matter of Frederick A. Myers,
respondent, v Tabitha A. Denning, appellant.
(Docket No. V-5740-14/23E)
Motion by the attorney for the child, inter alia, to strike stated portions of the mother's reply brief on the ground that they refer to matter dehors the record. By decision and order on motion of this Court dated April 14, 2025, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion is denied.
MILLER, J.P., DOWLING, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court