Oberlander v Kriss
2026 NY Slip Op 03449
June 3, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Frederick M. Oberlander, et al., appellants,
v
Jody Kriss, et al., respondents, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 3, 2026
2023-03447, (Index No. 621067/21)
Lara J. Genovesi, J.P.
Lillian Wan
Janice A. Taylor
Donna-Marie E. Golia, JJ.

Law Office of Frederick M. Oberlander, P.C., New York, NY (Frederick M. Oberlander pro se of counsel), for appellants.
Schlam Stone & Dolan, LLP, New York, NY (John Moore of counsel), respondent pro se and for respondents Jody Kriss and Bradley Simon.

[*1]
DECISION & ORDER
In an action, inter alia, to recover damages for a violation of Judiciary Law § 487, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (George Nolan, J.), dated February 10, 2023. The order, insofar as appealed from, granted the unopposed motion of the defendants Jody Kriss, Bradley Simon, and Schlam Stone & Dolan, LLP, pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them.
ORDERED that the appeal is dismissed, with costs.
In November 2021, the plaintiffs commenced this action to recover damages for, inter alia, unpaid legal fees, expenses, and disbursements against the defendants Jody Kriss and Michael "Chudi" Ejekam. In October 2022, the plaintiffs filed an amended complaint adding Bradley Simon, Simon & Partners, LLP, and Schlam Stone & Dolan, LLP, as defendants. The plaintiffs alleged, among other things, that Simon violated Judiciary Law § 487.
Thereafter, Kriss, Simon, and Schlam Stone & Dolan, LLP (hereinafter collectively the defendants), moved pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them. The plaintiffs did not oppose the motion. In an order dated February 10, 2023, the Supreme Court granted the defendants' unopposed motion. The plaintiffs appeal.
No appeal lies from an order made upon the default of the appealing party (see id. § 5511). "The proper procedure is for the defaulting party to seek to vacate [his or her] default and, if necessary, appeal the denial of that request" (Feldman v Feldman, 185 AD3d 552, 554).
Here, the appeal must be dismissed, as the order was entered upon the plaintiffs' default (see CPLR 5511; Weaver v Hatem, 241 AD3d 1388).
GENOVESI, J.P., WAN, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court